IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY L. GASTILE,

    Petitioner,                     No. CIV S-96-0773 FCD DAD P

    vs.

ROBERT G. BORG,                  FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prisoner proceeding with appointed counsel with an application for a writ of habeas corpus in the above entitled action. On November 22, 2000, the undersigned issued findings and recommendations recommending that habeas relief be denied on petitioner's sole claim that he received ineffective assistance of counsel. On January 26, 2001, habeas relief was denied, this action was dismissed and judgment was entered. On February 1, 2001, petitioner filed a notice of appeal. Thereafter on February 9, 2001, the assigned district judge ordered that a certificate of appealability be issued. On October 28, 2002, the decision of the district court was affirmed on appeal by the Ninth Circuit. See Doc. No 47.

        Over two years later, on December 20, 2004, petitioner filed a request to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 48). It has recently come to the undersigned's attention that no action was ever taken in response to

1

petitioner's request to reopen this action. Below, the undersigned will belatedly address the request.

Petitioner asks that the court reopen this action and "reconsider the case." (Pet'r Req. filed Dec. 20, 2004 (Doc. No. 48) at 1.) He also requests that this court address whether his jury trial waiver was involuntary and consider whether his confession was coerced both of which, he contends, were claims "raised in the petition" but not "decided by any court." (Id.)

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)). Rule 60(b) provides for relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions seeking such relief are addressed to the sound discretion of the district court. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp. 1456, 1458 (E.D. Cal. 1988). However, a motion under Rule 60(b) must be made within a reasonable time and, with respect to reasons (1), (2) and (3) above, not more than a year after the entry of judgment or order from which relief is being sought. Rule 60(c) of the Federal Rules of Civil Procedure.

Here, petitioner asserts that the court has jurisdiction to reopen the case based on ground one identified above - mistake, inadvertence and excusable neglect. (Pet'r Req. at 1.)

Therefore, the one year filing period under Rule 60(c) applies. As noted above, judgment was entered in this action on January 26, 2001. Petitioner's request to reopen was not filed until almost five years later on December 20, 2004. Moreover, the Ninth Circuit affirmed the judgment herein back on October 28, 2002. Therefore, the request to reopen the action pursuant to Rule 60(b) is clearly untimely under Rule 60(c) and should be denied on that basis alone.[1]

Even had petitioner's request been timely filed, it lacks merit. Petitioner advances no argument in support of his general request that the court "reconsider" his case. Because petitioner has not demonstrated any grounds for relief from judgment or any basis for reconsideration in this regard, his request should be denied. See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1100 (9th Cir. 2006). In arguing that the court should grant relief in order to address his claims that his jury trial waiver was involuntary and his confession was coerced, petitioner is simply incorrect in contending that such claims were before this court. A review of the amended petition establishes that the only claim petitioner presented to this court was his claim that he was denied the effective assistance of counsel. (Am. Pet. at 5.) In arguing that he raised these other claims in his petition before this court but that they went unaddressed, petitioner cites to the third page of his amended petition and the attachment to that page. However, a review of the cited page reveals that petitioner merely alleged that he had presented those two additional claims in a petition filed with the California Court of Appeal for the Third Appellate District. (Am. Pet. at 3.) Petitioner plainly did not raise those claim in his federal

---

[1] In correspondence filed with the court on December 20, 2004, petitioner suggests that he attempted to file his Rule 60(b) request to reopen this case on June 30, 2003, by sending it to the Deputy Federal Defender who had represented him in this action and on appeal. Petitioner suggests in that correspondence that even though the proof of service reflected that he had sent the request to the court himself, he had assumed the Federal Defender's Office would file it for him even though their representation of him had ended. When he inquired with the Federal Defender's Office in November of 2004, he was so advised and eventually filed the request to reopen with this court on December 20, 2004. It would appear that the request for relief under Rule 60(b) would have been untimely even if it had been filed by the Federal Defender's Office when they purportedly received it, though they were under no obligation to do so. Nonetheless, for the reasons set forth above, on the merits petitioner is not entitled to relief under Rule 60(b).

1  petition for habeas relief.  (Am. Pet. at 5.)  Accordingly, there was no mistake, inadvertence or
2  excusable neglect nor is there any other reason justifying relief from the operation of the
3  judgment entered in this action.
4        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request to
5  reopen this case pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 48) be denied.
6        These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: June 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

18 gast0773.60bmot